UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X
UNITED STATES OF AMERICA,

        Plaintiff,

        S1 16 Cr. 221 (RWS)

- against -

        OPINION

ASHRAF HASAN-HAFEZ AND ILYA KOGAN,

        Defendants.
------------------------------------------X

A P P E A R A N C E S:



    <u>Attorney for Plaintiff</u>
    JOON H. KIM
    Acting United States Attorney
    Southern District of New York
    One Saint Andrew's Plaza
    New York, NY 10007
    By:  Catherine Geddes, Esq.
         Noah Solowiejczyk, Esq.


    <u>Attorney for Defendant</u>
    RAYMOND J. ZUPPA
    The Zuppa Firm PLLC
    1205 Franklin Avenue, Suite 350
    Garden City, New York 11530
    By:  Raymond Zuppa, Esq.

1

**Sweet, D.J.**

Defendant Ashraf Hasan-Hafez ("Hasan-Hafez" or the "Defendant") has moved for reconsideration of a portion of this Court's July 21, 2017 Order (the "Order") denying the Defendant's motion to compel production of certain documents. Specifically, the Defendant moves this Court to reconsider his request for "the source of the information regarding purported billing from 3514 Flatlands Avenue as well as the actual bills such that [the Defendant] can identify the billing company and the patients." Def.'s Br. 1. For the reasons set forth below, the Defendant's motion for reconsideration is denied.

I.  **Prior Proceedings**

The Order set forth the proceedings prior to this motion for reconsideration. The instant motion was marked fully submitted on September 19, 2017.

II. **The Applicable Standard**

A party moving for reconsideration "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion."

2

*Eisenmann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (quotation marks and citation omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks and citation omitted).

A motion for reconsideration should be granted where "the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Such motions are not vehicles for taking a second bite at the apple," *Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (internal quotation marks and citation omitted), and "should not be granted where the moving party seeks solely to relitigate an issue already decided," *Shrader*, 70 F.3d at 257.

### III. **The Defendant's Motion for Reconsideration is Denied**

The Defendant's bases for this motion are threefold: First, the Defendant argues that this Court failed to give credence to its assertion that "[t]o the extent that the

3

Government intimates that the chart information was obtained from records subpoenaed from Hafez and produced in discovery such is not the case." *See* Def.'s Br. 3-4. Second, he contends that the Order improperly applied "an evidentiary standard akin to a motion for summary judgment or trial on a motion to compel discovery." *See id.* at 7. Third, the Defendant argues that because he "never received a large amount of checks that were issued and sent to Excellent Care by Medicaid" this "consists of proof in evidentiary form that someone . . . created false billing for physical therapy services allegedly provided at 3514 Flatlands Avenue in Brooklyn New York." *Id.* at 14.

The Defendant has failed to make the substantial showing necessary to warrant reconsideration. He has not demonstrated an intervening change of controlling law, the availability of new evidence not previously available, or the need to correct clear error or prevent manifest injustice. *See Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255. Much of the Defendant's motion seeks to reargue points that were already considered and rejected by the Court. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (reconsideration is not a vehicle for "relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'")

4

(internal quotation omitted). Specifically, the Defendant now offers an affidavit providing additional information about his relationship to Flatlands Avenue. However, there is no reason this information could not have been placed before the Court at the time of the original motion to compel. *See United States v. Monzon-Luna*, No. 11-CR-722 S-4 RRM, 2014 WL 223100, at *5 (E.D.N.Y. Jan. 21, 2014) (noting that "reconsideration is appropriate only where there is . . . the availability of new evidence *not previously available*." (emphasis added)); *see also Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1557 n.4 (9th Cir. 1987) (upholding district court's denial of motion for reconsideration where the party "offered no excuse for not presenting them at that time.").

Even on the merits, the Defendant's request for reconsideration is denied. The Government has made additional efforts to demonstrate that the billing listed as Flatland Avenue is in fact for patients who were billed for treatment at Excellent Care on East 18th Street. To establish this, the Government compared the billing information in the Medicaid chart to the "superbills" produced to the Defendant in discovery. This comparison demonstrated that the entries in the chart listed as being billed by the Defendant with a provider

5

address of Flatlands Avenue were in fact for treatment at the Excellent Care clinic.[1]

IV. **Conclusion**

For the foregoing reasons, the Defendant's motion for reconsideration is denied.

It is so ordered.

**New York, NY**
**October 3, 2017**

ROBERT W. SWEET
U.S.D.J.

---

[1] The Government established this by matching the entries in the chart and the corresponding superbill for several data points, including (1) the specific diagnosis codes, (2) the procedure codes, (3) the dates of service, and (4) the patient names. The Government produced all of this information to the Defendant.

6